```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
MATTHEW J. ROACH,

                                         Plaintiff,

              v.                                      9:09-CV-0354
                                                                       (GLS/DEP)

GLENN S. GOORD, Commissioner, New York State Dept.
of Correctional Services; WILLIAM LAPE, Superintendent,
Marcy Correctional Facility, McDONALD, Deputy of Programs,
Marcy Correctional Facility; MRS. ROWLANDS, A.S.A.T.
Head Counselor, Marcy Correctional Facility; VANDRESSER,
Corrections Officer, Marcy Correctional Facility,

                                         Defendants.

APPEARANCES:

MATTHEW J. ROACH
Plaintiff, *pro se*
Jamesville Correctional Facility
P.O. Box 143
Jamesville, NY 13078

GARY L. SHARPE
U.S. DISTRICT COURT JUDGE

## **MEMORANDUM-DECISION and ORDER**

**I.    Introduction**

*Pro se* plaintiff Matthew J. Roach has filed a complaint alleging the violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  Roach, who is presently confined at Jamesville Correctional Facility, seeks leave to proceed *in forma pauperis* and has also filed a motion for appointment of counsel.

**II.    Discussion**

After reviewing the information that Roach provided in his *in forma pauperis* application, the Court concludes that he meets the financial criteria for commencing this

action *in forma pauperis*. Therefore, the Court must now consider the sufficiency of the allegations that Roach has set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, although the Court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the Court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[2]

In his complaint, Roach states that he was sentenced on June 16, 2002, to an indeterminate term of one to three years imprisonment in the custody of the New York State Department of Correctional Services ("DOCS"). Dkt. No. 1 at 2. In December, 2002, while confined at Mid-State Correctional Facility, Roach began the Alcohol

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

Substance Abuse Treatment ("ASAT") program. According to Roach he was removed from the ASAT program following a disciplinary incident in February, 2003, but was readmitted to the program in April of 2003, at Marcy Correctional Facility. *Id*. at 4-5. Roach was removed from the ASAT program again in May of 2003. Roach's subsequent efforts to be readmitted were unsuccessful. Roach claims that he was improperly denied readmittance to the program at Marcy Correctional Facility and that, as a result, he was not eligible for conditional release in March of 2004. *Id*. at 5-10. Roach seeks monetary damages. For a complete statement of Roach's claims, reference is made to the complaint.

Roach seeks to maintain this action pursuant to 42 U.S.C. § 1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by persons acting under color of state law. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). A § 1983 cause of action accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Covington v. City of New York*, 916 F.Supp. 282, 285 (S.D.N.Y. 1996) (citing *Woods v. Candela*, 13 F.3d

3

574, 575 (2d Cir. 1994)). "Thus, in determining when the statute begins to run, the "'proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful.'" *Covington*, 916 F.Supp. at 285 (citations omitted).

Upon review, the Court finds that any claims Roach might have are time-barred. It clearly appears that Roach's claims with respect to his participation in the ASAT program accrued well before the start of the three year limitations period for claims which properly may be asserted in this action, *i.e.*, March 19, 2006.[3] Roach claims that defendant Rowland "intentionally blocked my entrance back into the program of 'ASAT'" sometime in mid-2003, approximately three years before the limitations period for this action began. See Dkt. No. 1 at 7. Even assuming, *arguendo*, that this wrongful conduct was a continuing violation, Roach's release from DOCS custody was clearly the latest date upon which his claim could be deemed to have accrued. According to the public web site maintained by DOCS, Roach was released from custody on March 14, 2005. See http://nysdocslookup.docs.state.ny.us. Roach's complaint in this action, filed more than four years later, is time-barred.

The Court also finds that the allegations of Roach's complaint fail to state a claim upon which relief may be granted by this Court. An action commenced pursuant to § 1983 requires proof of the "deprivation of any right[ ], privilege[ ], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983.

---

[3] Roach signed his complaint on March 19, 2009 and the complaint is therefore deemed to have been filed on that date for purposes of determining the applicable limitations period. The complaint was received and filed by the Clerk of the Northern District on March 27, 2009. See Dkt. No. 1.

Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. See *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981). In this case, Roach claims that he was improperly denied readmittance to the ASAT program. However, inmates do not have a constitutional right to participate in any particular program. See *Brown v. Lape*, No. 9:08-CV-1154, Report-Recommendation, 2009 WL 235838, at *3 (Homer, M.J.), *adopted,* 2009 WL 235838, at *2 (N.D.N.Y. Jan. 30, 2009) (Kahn, D.J.); *Antonucci v. David*, No. 03-CV-653 (FJS/DEP), 2006 WL 2265028, at *6 (N.D.N.Y. Aug.7, 2006). Accordingly, since Roach has not alleged the deprivation of a federal or constitutional right, he has failed to state a claim under § 1983.

### III.   Conclusion

Based upon the foregoing, the Court finds that the complaint is time-barred and, moreover, fails to state a claim upon which relief can be granted under § 1983. The complaint must, therefore, be dismissed. 28 U.S.C. § 1915. Because the problems with Roach's causes of action are substantive, such that better pleading will not cure them, leave to re-plead is denied as futile. See *Cuocco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

WHEREFORE, it is hereby

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and it is further

ORDERED, that Roach's application for leave to commence this action *in forma pauperis* (Dkt. No. 2) and motion for appointment of counsel (Dkt. No. 3) are denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on Roach by regular mail.

IT IS SO ORDERED.

Dated: March 31, 2009

*Gary L. Sharpe*
United States District Court Judge